**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ERICK F.C.,

Petitioner,

v.

TODD BLANCHE, Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and JOEL BROTT, Sherburne County Jail,

Respondents.

Case No. 26-CV-4333 (NEB/EMB)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Erick F.C. is a citizen of Honduras. (ECF No. 1 ("Pet.") ¶ 13.) In 2018, he entered the United States and was later ordered removed by an immigration judge on February 20, 2019.[1] (ECF No. 7-4, at 3–4.) He left the United States after the 2019 removal order and reentered in 2021. (ECF No. 7-1, at 1–5.) Upon reentry, he encountered immigration authorities who issued a Form I-862 Notice to Appear (NTA) and a Form I-200 Warrant for Arrest of Alien. (*Id.*)

On October 7, 2026, Immigration and Customs Enforcement (ICE) was conducting surveillance in Red Wing, Minnesota when they observed a van registered to Erick F.C. Their records indicated that Erick F.C. had no legal status in the United States (ECF No. 7, at 2; ECF No. 7-3, at 2.) ICE followed the van and eventually observed two individuals

---

[1] Petitioner neither concedes nor denies his prior immigration history and removal order.

exiting it. (*Id.*) Agents approached and noticed that one of the people matched the photo of Erick F.C. in their immigration database. (*Id.*) Erick F.C. began to run away from agents, who followed and apprehended him. (*Id.*). ICE confirmed Erick F.C.'s identity based on a Minnesota identification card. (*Id.*) They detained Erick F.C. and issued another Form I-200 warrant later that day. (ECF No. 7-2, at 1.)

After his arrest, ICE discovered the 2019 removal order, which makes the 2021 NTA superfluous. (ECF No. 7 ¶ 15.) ICE filed a Motion to Dismiss the 2021 removal proceedings with the immigration court to reinstate and act on the 2019 removal order. (ECF No. 7 ¶ 16; ECF No. 7-4, at 5–6.) There is no indication in the record that an immigration judge has yet ruled on that motion. (*Id.*)

Erick F.C. petitions for a writ of habeas corpus, alleging that he was arrested without probable cause and that his continued detention violates due process. (Pet.)

## ANALYSIS

Erick F.C. bears the burden of proving by a preponderance of the evidence that his arrest or detention is contrary to law. *Walter A. v. Easterwood*, No. 26-CV-1393 (SRN/LIB), 2026 WL 836428, at *15 (D. Minn. Mar. 26, 2026); *see also Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

### I. Arrest

The record contains a Form I-200 Warrant for Erick F.C.'s arrest issued after Erick F.C.'s reentry in 2021. But the Court need not determine the impact of that warrant on this case because it concludes that ICE had probable cause to arrest Erick F.C. without a warrant. The legality of Erick F.C.'s arrest turns on 8 U.S.C. § 1357(a)(2). Under that section, an immigration official may conduct a warrantless arrest of a noncitizen, but only

if the official "has reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a); *see also* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). "Reason to believe" means "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). And "likely to escape" means "likely to evade detention by immigration officers." *Hussen v. Noem*, 822 F. Supp. 3d 944, 988 (D. Minn. 2026).

Respondents satisfy both requirements of Section 1357(a)(2). First, ICE had reason to believe that Erick F.C. was in the United States in violation of immigration laws: ICE saw that the car was registered to him and that he had no lawful status. (ECF No. 7, at 2; ECF No. 7-3, at 2.) The record makes clear that—in addition to having a prior removal order—Erick F.C. at the time was technically subject to pending removal proceedings and was presumably listed in ICE's system. (ECF No. 7-1, at 1–5.) Contrary to Erick F.C.'s assertions, the Court finds that the record establishes that ICE knew of those facts before they approached and detained him. (ECF No. 7, at 2; ECF No. 7-3, at 2.) Second, ICE had reason to believe that Erick F.C. would likely escape before a warrant could be obtained: When ICE approached him, he fled. These actions provided probable cause that ICE would not be able to arrest Erick F.C. at another clearly identifiable location. *Contreras v. United States*, 672 F.2d 307, 309 (2d Cir. 1982) (per curiam) ("[H]er acknowledgement that she was from Guatemala, the absence of a claim of lawful status, and her attempt to evade custody satisfied the 'likely to escape' criterion."); *United States v. Meza-Campos*, 500 F.2d 33 (9th Cir. 1974) (per curiam) (finding this element satisfied where noncitizen was

"looking for an opportunity to run"). For these reasons, Respondents had probable cause to arrest Erick F.C. under Section 1357(a)(2).[2]

## II. Due Process

Erick F.C. also argues that his continued detention violates both procedural and substantive due process.

First, Erick F.C. argues that he was initially detained back in 2021 but then released on conditions under 8 C.F.R. § 1236.1(c)(8) pursuant to a determination that he was not a flight risk or danger. (Pet. ¶ 76.) Erick F.C. alleges that ICE was required to conduct a re-determination as to his status as a flight risk or a danger before detaining him again. (*Id.* ¶ 77–79.) But the burden here lies with the petitioner, *Freeman*, 658 F. Supp. 3d at 58, and

[2] The Court is concerned about the Respondents' briefing in this matter. Respondents' counsel has appeared for numerous other habeas cases before this Court and appears to be largely recycling the same brief. In that recycled brief, counsel spends most of his time raising arguments that this Court and many others in this district have already considered and rejected. Repeatedly relitigating the same issues over and over and formulating arguments within the bounds of what counsel thinks the law *should* be rather than what it *is* wastes the Court's time and provides it no guidance on how to rule in the case at hand. In addition to being legally unhelpful, Respondents' briefing contained a jarring amount of errors, both grammatical and factual. (*See, e.g.*, ECF No. 6, at 4 ("Respondents are [sic] this Court has refused to consider the Seventh Circuits [sic] persuasive holding in *Arias*, because Court's [sic] in this District have allowed Petitioner's [sic] to challenge their immigration arrest in a habeas action.")) The Court notes that in other cases, counsel has either failed to fill in certain facts into a template or has included entirely incorrect facts (*See, e.g.*, *Armindo H.V. v. Blanche*, No. 26-CV-3950 (NEB/EMB), ECF No. 8, at 15 (D. Minn. Sept. 29, 2026) ("Upon speaking to Petitioner, officers learned that Petitioner claimed to have entered the United States on or about an unknown DATE at or about an UNKNOWN location . . . .").) The Court has let this type of work without comment through several cases; by making this comment, the Court assumes the issue will be corrected.

Erick F.C. has provided no proof that he was formally released on conditions consistent with 8 C.F.R. § 1236.1(c)(8) or that any such determination was made that would require a re-determination now. Instead, he provides only a speculation that "the releasing officer must have determined Erick was not a flight risk or a danger before he was released." (Pet. ¶ 76.) That does not meet his burden and is insufficient for the Court to conclude that his detention is contrary to law. *See Freeman*, 658 F. Supp. 3d at 58.

The Court recognizes that Erick F.C. has a previous order of removal that Respondents are seeking to reinstate and that once that order of removal is reinstated 8 U.S.C. § 1231—which provides for mandatory detention—would govern. At present, however, he is not detained under the authority of Section 1231. And the Court has already concluded that petitioners similarly situated to Erick F.C. have an important liberty interest—freedom from physical restraint—that is protected by the Due Process Clause.[3] *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2026 WL 1911656, at *2 (D. Minn. July 2, 2026). Detention is a "constitutionally permissible" part of removal proceedings. *Demore v. Kim*, 538 U.S. 510, 531 (2003). But when detention implicates a protected liberty interest, it must serve a constitutionally acceptable purpose. *See Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024). Ensuring appearance at future immigration proceedings and limiting threats to public safety are interests that can justify detaining noncitizens like Erick F.C. *Felipe S.P.*, 2026 WL 1911656, at *4.

As in *Felipe S.P.*, the Court assesses Erick F.C.'s due process claim using the balancing framework from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Felipe S.P.*, 2026 WL

[3] Likewise, the Court has already concluded that precedent does not foreclose these constitutional challenges to detention. *Felipe S.P.*, 2026 WL 1911656, at *4–6 (distinguishing *Demore v. Kim*, 538 U.S. 510 (2003); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)).

1911656, at *7. This framework weighs: (1) the private interest affected by government action; (2) the risk of erroneous deprivation of that interest based on the current procedures, and the probable value of additional or other procedural safeguards; and (3) the government's interest, "including the function involved and the fiscal and administrative burdens" of additional process. *Mathews*, 424 U.S. at 335.

***Private interest.*** Erick F.C's interest in being free from detention is fundamental and essential to his liberty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Over the course of his almost five years living in the United States, Erick F.C. has raised his two U.S. citizen children. (Pet. ¶ 18; ECF No. 7-3, at 3.) These roots strengthen his private interest. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (stating that noncitizens "who have established connections in this country have due process rights in deportation proceedings"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (explaining that noncitizens "receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"). The first *Mathews* factor weighs strongly in Erick F.C.'s favor.

***Risk of erroneous deprivation.*** Erick F.C.'s detention must be reasonably related to its intended purpose. *Zadvydas*, 533 U.S. at 690 (reiterating that detention must bear a reasonable relation to its purpose). Thus, detaining Erick F.C. without an individualized bond hearing assessing his flight and security risks poses a danger of a mistaken or unjustified deprivation of liberty. *E.g.*, *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 689–90 (S.D. Tex. 2026); *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 798 (S.D. Tex. 2026); *Chavero v. Bondi*, 818 F. Supp. 3d 836, 844–45 (W.D. Tex. 2025). But Section 1225(b)(2) does not provide Erick F.C. any procedure to challenge whether his detention serves those purposes; conversely, the probable value of a bond hearing assessing these facts is

substantial. Erick F.C. does not appear to have a criminal history. The second *Mathews* factor weighs in favor of Erick F.C.

***Government interest & burden.*** The government has a strong interest and discretion in enforcing immigration law. *Muñoz*, 602 U.S. at 911–12; *Reno v. Flores*, 507 U.S. 292, 305 (1993) ("Over no conceivable subject is the legislative power of Congress more complete.") (citation modified). Accordingly, the Court weighs "heavily" that "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Even so, Respondents have not shown that providing a bond hearing is a burden that outweighs Erick F.C.'s private interest and the risk of erroneous deprivation; it is not obvious that a bond hearing is particularly burdensome. *Abdirashid H.M. v. Noem*, No. 25-CV-4779 (JRT/EMB), 2026 WL 127698, at *5 (D. Minn. Jan. 9, 2026) ("[A] bond hearing would impose minimal, if any, financial or administrative burden on Respondents."). Any burden that a bond hearing may impose does not outweigh Erick F.C.'s strong private interest. *Id.* On balance, the *Mathews* factors weigh in favor of Erick F.C., and due process requires that he receive a bond hearing.

The Court therefore grants his petition in part, and orders that Respondents provide a bond hearing within fourteen days, if the immigration court does not dismiss the pending removal proceedings.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED IN PART and GRANTED IN PART.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 2, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge